Good morning Your Honor, Alison Ozurovich on behalf of Plaintiff Appellant Stacey Drayton and I would like to reserve two minutes for rebuttal. Mr. Drayton lost his case at trial due to a gross miscarriage of justice. The court below failed to meet bare minimum requirements surrounding the admission of evidence and plainly erred when they admitted three types of evidence. First, Mr. Drayton's entire rap sheet. Second, evidence of Mr. Drayton's prior drug use. And third, evidence of Mr. Drayton's mental health. Are all of those subject to plain error review? Your Honor, the entire rap sheet is subject to plain error review as well as the prior drug use. And with regards to the mental health history, with regards to the relevance of the mental health, this is subject to abusive discretion review. So regarding the entire rap sheet, the court committed plain error for three reasons. First, it was improper character evidence under Rule 404B. Second, it was unfairly prejudicial under Rule 403. And third, it was improper impeachment evidence under Rule 609. With respect to the rap sheet, how much non-admissible, how many non-admissible convictions were contained? And I know some of them were admissible under 609, but there might have been some misdemeanors that might have been speeding tickets or whatever. How many were there? Do you remember? There were three misdemeanor convictions, and there were. Were any of those misdemeanors crime and falsely misdemeanors? They were not, none crime and falsely. And moreover, some of the arrest convictions, for example, one of the arrest convictions was for murder, which was. . . What do you mean an arrest conviction? I'm sorry, an arrest record. I apologize. The one of the arrests was not a conviction, but it was for murder, which is, and to include that type of evidence. . . It wasn't redacted? No, Your Honor. Did trial counsel move to redact any portions of the rap sheet? No, Your Honor, he did not. If counsel didn't move to redact any portion, is that argument then waived? We respectfully disagree with that. No, I'm just asking. I don't have to take a position one way or another. We don't believe that it was waived. We think that regardless of what happened at the trial court level, this evidence is still entitled to plain error review. And so the question before us is now whether or not admitting this type of evidence affected a substantial right or affected the integrity of the trial proceedings. Would standing alone admission of the rap sheet affect a substantial right, violate fundamental fairness, such that we could find plain error review, the rap sheet standing alone? Standing alone, I think it's a close call, but I think this court has allowed the court to look at multiple pieces of evidence and to determine that in the cumulative, this evidence affected a substantial right. What I'm asking is if we find that you're right about the rap sheet but wrong about either the drugs or the schizophrenia, is that sufficient for reversal? We believe so, yes, because that still is a plain error to admit this type of evidence. It completely tarnished, it wasn't a credibility issue. This was an issue of his character. In opening statement, opposing counsel stated that on multiple occasions that Mr. Drayton was a multiple felon. And then used that information to say there are admissions of Mr. Drayton's bad behavior. And so in opening statement, opposing counsel is telegraphing to the jury that the sole purpose of this evidence is to say to the jury that he was a bad person, this is bad character, therefore he should not be ruled in favor of. And so for those reasons, the evidence of his entire rap sheet is clearly impermissible under Rule 404. Moreover, this evidence is extremely pro-judicial and has little to no probative value to the case. This is a Section 1983 case. Did the trial counsel prevail upon the trial court to engage in 403 balancing? The trial counsel did not. But regardless, the trial court is required to engage in this 403 balancing, is required. To respond to it? We believe so. We believe that is important with this evidence, with evidence of this. Is there a case law which says the trial court is required to respond to engage in 403 balancing? There is case law that doesn't say. For the rap sheet, I mean. I wouldn't say there's case law that says it has to do so sua sponte, but there is case law that says that it must be clear on the record that the court engaged in 403 balancing. And so we believe that this type of evidence is unfairly prejudicial under Rule 403 and should not have been included. The probative value, again, is minimal. This is not a case about whether or not Mr. Drayton committed a crime for taking a car. He had already been on trial for that case. This case was now about whether or not Mr. Drayton was subject to excessive force at the hands of the police. And so any relevance that this rap sheet had is absent. And not only has it limited probative value. What about schizophrenia? So with regards to schizophrenia, again, for the prejudice, this is under an abusive discretion standard. And we believe that its prejudicial value, again, substantially outlaid any probative value that it had in this case. At the time of the arrest, the officers- Isn't the law of this circuit that testimony about one's condition of schizophrenia isn't missable on the issue of perception and ability to recount truthfully events? I believe you're referring to the Gonzales case? Yes. The Gonzales case is a quite different scenario than what we have here. In Gonzales, it was determining whether or not the defendant had a Brady claim. And they were determining whether it was inappropriate to exclude psychiatric evidence in order to help him establish one of his Brady claims. And that is not at all the same situation as what we have here. Moreover, the evidence here, nothing in the record suggests that his schizophrenia related to his perception of the events in question. There was no inquiry on the record as to how his schizophrenia affected his perception at all. And so to say that this evidence was being used for that, I think is inappropriate. So I don't believe that his schizophrenia was relevant. I don't think Gonzales stands for that proposition in this set of circumstances. Should the trial court have maybe warded the witness to determine whether his schizophrenia was controlled? I don't think there's a case all that requires that. But in another circumstance in the case, my client, Mr. Drayton, tried to bring in evidence of his physical injuries. And at that time, the court sua sponte said that unless he had an expert to establish that the physical injuries related to the injuries he alleged he suffered on the night of the injury in question, unless he had an expert, that information was not allowed. So I think if we're going to use that in the trial court. If his schizophrenia was controlled, would that distinguish this case from Wong versus Gonzales? I think if his schizophrenia was controlled, then yes. Because there's no showing then that his schizophrenia had any effect on his perception of the events in question. And that's what the only appropriate way to even use the schizophrenia evidence would be to challenge his credibility. Is it of any significance that at the time of the alleged beating by the police officers, they didn't know that he was suffering from schizophrenia? I think that's very important to this case. Because if they had no knowledge of whether or not he was suffering from schizophrenia, then that should not affect how they are treating Mr. Drayton at the time. How does that square with Wong's edict, though, that schizophrenia is relevant because it goes to the witnesses, in this case, Mr. Drayton's ability to perceive events and his ability to recount what he has perceived? Well, I think in Wong, again, it was, one, a different procedural circumstance. And, two, in Wong, it wasn't just the fact that he had schizophrenia. You know, he was a severe liar, had faked suicide several times. You know, this was a very — Wong was a very egregious case where they were looking at multiple indicia to determine whether or not excluding this evidence was inappropriate. Well, Mr. Drayton wasn't exactly a choir boy given his extensive rap sheet, though, was it? So isn't that kind of aligned with Wong? I respectfully disagree. I think with Wong, the issue of lying goes way more to perception than whether or not Mr. Drayton has prior criminal convictions. I don't think it's appropriate to use his prior criminal convictions to show that he doesn't perceive events. Thank you. Good morning, Your Honors. Deputy City Attorney Wendy Schapiro on behalf of Appalachia-Scala and the City of Los Angeles et al. Your Honors, this is a case in which there were two very, very different versions of events. Mr. Drayton's version of events of being severely beaten and the officer's version of the events where there was no beating at all. So how do you square this case? How does the jury determine who to believe? It was a classic credibility determination. And where the case is at. Doesn't that really support counsel's position, beginning with the rap sheet, because the rap sheet contains so much irrelevant information that in a closed case it could severely prejudice the jury? Well, the answer to that is no. Now, what was actually testified to at trial were the six criminal convictions that Mr. But the jury had the rap sheet, didn't it? The jury had the rap sheet. The rap sheet wasn't redacted, was it? It was not redacted. And the court should have redacted them, or someone should have redacted them. You allowed tainted evidence into the jury, didn't you? Well, I'm going to say no. Here's why. In the plea and sentence report that was also admitted into the evidence, Mr. Drayton admits on the record to his prior convictions for 10851, as well as his prior convictions for narcotics, as well as his prison priors. So, in effect, it was harmless error because it wasn't a secret that Mr. Drayton had an extensive criminal history. There's no evidence in the record that defense asked. Isn't it one thing to admit into evidence things that are allowed under 609A and B, and then in that same document have extraneous stuff like his arrest for murder? Don't you think that a jury could be prejudiced by that? I don't think they would be prejudiced in this case because the convictions that were admissible were so much more than the few extraneous. Was it any of the murder convictions? No, but they were, you know, drug convictions, and they were taking a vehicle without an owner's consent, and there were so many of those that they weighed more heavily. Those hardly sound like murder. No, that's true. Taking a vehicle without consent. That's this episode that happened here with the accident, and then he took the car that was in the middle of the street. That doesn't sound to me like a murder. That's true. They are not equivalent, but it is one arrest. It's speculation that the jury found that to be determinative, and there was so much other evidence in the record. You know that the jury found that not to be determinative? I don't know that. Okay. No, it's speculative one way or the other. But here's why there was so much evidence in the record separate and apart from the rap sheet. Well, the fact that it's speculative one way or the other means that it's prejudicial because trial courts don't allow in speculative evidence, right? That's true, but it's not going to be prejudicial in this case where there are so many other convictions for. Well, that goes back to Judge Reinhart's point. A thief is not a murderer. That's true, but. Let's talk about it. I want to talk about schizophrenia. That bothers me in this case. Okay. In this case, we don't know that his schizophrenia was not controlled, right? And so if his schizophrenia is controlled, then he has the ability to perceive and the ability to testify truthfully about that which he perceives, which lies in the face of Wong. So why is it relevant to allow testimony of his schizophrenia in, or at least why did the trial court void the witness about the schizophrenia to determine whether it was controlled? I can't speak for the trial court and why the court didn't void, but here's the thing. Mr. Drayton's own attorney elicited the fact that his schizophrenia was controlled and that he was no longer on medication. And it goes to Exhibit 23, which is the medical inmate information that is objected to. Within that document, there's evidence that Mr. Drayton relied on to support his credibility and support of his excessive force. Where is it that he supports it? He has multiple times when he visits the doctors and says that he was beaten on July 15th. He uses it to show that he sustained an injury to his groin as well as to his eye. So what appellant is trying to do is pick and choose the evidence that helps them, but to exclude the evidence that is relevant for impeachment and credibility, and clearly is not plain error. But don't we have to be careful with using one's mental condition as a basis for impeachment? Because basically if you extend Wong out too far, then any schizophrenic is per se unbelievable. Irrespective of whether the schizophrenia is controlled. As the law stands right now, there's no law that says that admitting that evidence for impeachment is unbelievable. This is a plain error review. It had to be absolutely clear to the trial court that allowing in the evidence of his schizophrenia would be unlawful and unfair. And as the law stands, the Gonzales case in this circuit, the Chepkova case in the second district, and so on, and within those cases they cite other circuit opinions where it's absolutely clearly within the law to include schizophrenia and mental health for the purpose of determining perception. And this was a case where no one was saying he was acting like a schizophrenic on the night of the incident. Just the opposite. He was very cooperative. But what relevance, then, if the police officers didn't know that he was schizophrenic, why is it relevant? It goes to Mr. Drayton's credibility. He's describing a tale that is basically fairly so different from the police officers' credibility. It's the ability to perceive. His credibility means truthfulness. And that doesn't mean he's untruthful. It means what you're describing is that he can't perceive events properly. And what is it about the fact that he was schizophrenic or when he had a diagnosis of schizophrenia? I mean, if you had something to tell the jury about he has uncontrolled schizophrenia, he takes medication for it, he wasn't taking, you know, he has a mental problem as of the moment. Did he have a mental problem as of that time? He testified that at the time of the incident he did not have a problem. So we have to accept that as true. But here's the thing that also goes to perceiving events. It wouldn't be admissible at all if that were the fact. Well, I think it does, but it also, Gonzalo says it also goes to truthfulness. What was the jury told about what schizophrenia meant? I don't know that there's anything in the record what it meant. Mr. Garoto, Mr. Drayton's attorney, asked him if he is, schizophrenia was under control. And he said that it was and the doctors took him off medication. How was schizophrenia first introduced into the trial? I believe it was introduced through Exhibit 23. Wasn't it introduced in opening statement? Didn't the attorney representing the officers state that in opening statement? She talked about his schizophrenia, drug use and criminal record. I think it, yes, I think that's true and I think it's done for the purpose of credibility, truthfulness. This case was about credibility and whose version of the events should be believed. So counsel for Mr. Drayton was put in a box after opening what appears in the record to be opening argument as opposed to opening statement, but that's another issue. So he had no other choice but to have Mr. Drayton mention that he suffered from schizophrenia, but it was controlled. Well, I would disagree. Why, because first he stipulated to the admission of the exhibits. Second, when the court asked him if he had any objections to the admission of the evidence, he said no, no objections, Your Honor. Then he jointly agreed to admit it into evidence. He had some benefit, in particular Exhibit 23 that he used. But the benefit was precipitated by the opening statement because it was already out there. And then you can't ignore it. It was the elephant in the room. But he did ask his client, are you still taking medication? He said I am not taking medication. I am now, you know, I'm not at my doctor's recommendation. So he cleaned it up to say. But because it was there to be, there was a spill in aisle two, there was a cleanup that had to be had, and the cleanup was the opening statement. But it is not clear error to admit evidence of schizophrenia for the purpose of perception or truth. So that's a very high standard. Was there a pretrial conference where both sides stipulated to the exhibits? I don't know what happened at the pretrial conference. I do know that the exhibit list was a joint exhibit list in which Exhibit 23 was jointly agreed to. So going back to the harmless error of this, this was invited error. There was evidence in the, oh, I see my time is going up. If I may continue. This was a case where he was not denied a substantial right. It was a case of who to believe. Mr. Drayton came up with a story that was very, very hard to believe that he was helping clear a blocked intersection at 2 in the morning in downtown Los Angeles. Nobody really needed his help at 2 o'clock in the morning. That was so implicitly unbelievable that the jury could use that alone to believe that his tale was incredible. In addition, he wasn't helping, he had prior convictions. I think the evidence, also his rap sheet was used in the closing argument by his counsel to try to shore up his credibility. So this is kind of a situation of classic invited error. You can't pick and choose the evidence that you want when you try to take advantage of it. And for that, I would ask the court to conclude that there was not a violation of a substantial right and to affirm the judgment. Thank you, counsel. We'll give you an extra minute or so. I just want to address some of the points counsel made. First of all, counsel referenced that this was a credit. The whole issue of this case was that this was a testimony of two versions of events. And when there is a credibility determination and the primary evidence is two different sets of testimony about the same events, using character evidence to undermine that credibility is inappropriate. And it wasn't just the fact that they were questioning Mr. Drayton's credibility, they were questioning his character. And when they tarnished his character to the point that they did by using his rap sheet that had an arrest for murder on it, by using schizophrenia with no information saying that the schizophrenia affected his perception, this wasn't just a credibility determination. And they made that very clear. In an opening statement, they called this his bad behavior. It was very clear that this was not used for credibility purposes. This was used to simply tarnish Mr. Drayton's character such that they would ask the jury to rule solely on their biases based on the character that he had. This also was not invited error. In his closing statement, trial counsel... Do you know the answer to Judge Wynn's question about whether there was a pretrial conference at which these exhibits were stipulated to? I know that they were stipulated to prior to trial. But regardless, the question before the court here is whether, notwithstanding the stipulation, it was plain error to have this evidence in the record. And because this evidence was clearly used to establish that Mr. Drayton had bad character and could not be ruled in favor of, this was not appropriate evidence and it affected a substantial right for Mr. Drayton to have a fair trial. And finally, this was not invited error because when Mr. Drayton used this in his closing statement, this was not affirmative evidence for Mr. Drayton's counsel to say, oh, this is establishing his credibility. In fact, he was trying to say opposing counsel used Mr. Drayton's rap sheet to say that he was a bad person, but that's irrelevant. So he wasn't trying to use it as affirmative evidence. He was trying to rehabilitate what opposing counsel had already done. And so because, again, we believe that his evidence of his entire rap sheet, evidence of his prior drug use, and evidence of his mental illness were plain error and affected a substantial right, we ask that this court reverse and remand.
judges: Reinhardt, Nguyen, Marbley